Suraj v. Garland

BIA
Poczter, IJ
A208 925 459

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-two.

PRESENT:
>
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

G.C. SURAJ,
>
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>
> *Respondent.*

20-1645
NAC

---

FOR PETITIONER: Khagendra Gharti-Chhetry, Esq., New York, NY.

FOR RESPONDENT: Bryan Boynton, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel, Nancy

E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner G.C. Suraj, a native and citizen of Nepal, seeks review of a May 11, 2020, decision of the BIA affirming a July 2, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re G.C. Suraj,* No. A208 925 459 (B.I.A. May 11, 2020), *aff'g* No. A208 925 459 (Immig. Ct. N.Y. City July 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of

2

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). "[W]e review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality

3

of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination given inconsistencies between Suraj's testimony and affidavits he submitted in support of his application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Suraj testified that Maoists assaulted him because he supported the Nepali Congress Party ("NCP") and refused to give the Maoists a donation. He explicitly stated that he was afraid to seek medical treatment following this attack and that his neighbor came to his home but did not take him to the hospital. In contrast, that neighbor wrote that he and other neighbors took Suraj to the hospital where he stayed for two days. The agency was not required to credit Suraj's explanation that his father helped prepare the neighbor's affidavit and may have made a mistake because Suraj submitted the document despite the alleged error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to

4

secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, the agency reasonably relied on inconsistencies between Suraj's testimony and affidavits regarding the number of attacks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The affidavits from Suraj's father, his neighbor, and the NCP reported that Maoists attacked Suraj on two occasions, but Suraj testified to only one attack. On the day of his hearing, Suraj submitted an email in which his father admitted fabricating the second attack and telling the neighbor and the NCP to report two attacks, and he argues here that the agency should not have relied on third party embellishments in making an adverse credibility determination. To the contrary, the agency reasonably concluded that the false affidavits undermined Suraj's credibility. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) ("[The agency] may be justified . . . in concluding that a falsified document that goes to the heart of an applicant's claim for asylum, if submitted as evidence in an asylum proceeding, calls into question the authenticity of other documents

5

submitted in support of that application."). The agency was not required to credit Suraj's explanation that his father was confused about what to write because he was receiving threats, particularly as confusion would not explain why he created a second attack or directed others to repeat that false information. *See Majidi*, 430 F.3d at 80.

Finally, Suraj's testimony and written statement were inconsistent about whether he received threats from Maoists in the two years after he relocated to Kathmandu. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Suraj testified that he was threatened once while walking in Kathmandu, but on cross-examination he said he received many threatening telephone calls. He did not mention these telephonic threats in his written statement. The agency reasonably relied on the inconsistency in his testimony and omission from his application. *See Hong Fei Gao*, 891 F.3d at 78–79 ("In assessing the probative value of the omission of certain facts, [the agency] should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

6

Given the multiple inconsistencies, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7